Matter of Lenowitz (2020 NY Slip Op 04394)





Matter of Lenowitz


2020 NY Slip Op 04394


Decided on August 5, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2020-00386

[*1]In the Matter of Ronald A. Lenowitz, admitted as Ronald Alan Lenowitz, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Ronald A. Lenowitz, respondent. (Attorney Registration No. 1350867)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 5, 1975, under the name Ronald Alan Lenowitz.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On November 8, 2019, the respondent pleaded guilty before the Honorable Erica Prager, Acting County Court Judge, Nassau County, to the crimes of grand larceny in the second degree, in violation of Penal Law § 155.40(1), a class C felony, and grand larceny in the third degree, in violation of Penal Law § 155.35(1), a class D felony. Previously, in a separate proceeding, by opinion and order of this Court dated April 11, 2018, the respondent was suspended from the practice of law for a period of two years (see Matter of Lenowitz, 161 AD3d 30).
The Grievance Committee for the Tenth Judicial District moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4) based upon his conviction of a felony. Although the respondent was duly served, he has neither opposed the motion nor interposed any response thereto.
Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's automatic disbarment as of November 8, 2019.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Ronald A. Lenowitz, admitted as Ronald Alan Lenowitz, a suspended attorney, is disbarred, effective November 8, 2019, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Ronald A. Lenowitz, admitted as Ronald Alan Lenowitz, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Ronald A. Lenowitz, admitted as Ronald Alan Lenowitz, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Ronald A. Lenowitz, admitted as Ronald Alan Lenowitz, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court